UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 4:22CR00451 RWS |
| v. | ) | |
| | ) | |
| DERRELL L. WARREN, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.    PARTIES:**

The parties are the defendant DERRELL L. WARREN, JR., represented by defense

counsel ERIC M. SELIG, and the United States of America (hereinafter "United States" or

"Government"), represented by the Office of the United States Attorney for the Eastern District of

Missouri. This agreement does not, and is not intended to, bind any governmental office or agency

other than the United States Attorney for the Eastern District of Missouri. The Court is neither a

party to nor bound by this agreement.

**2.    GUILTY PLEA:**

**A.    The Plea:**    Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal

Procedure, in exchange for the defendant's voluntary plea of guilty to Counts One and Two of the

Indictment, the United States agrees that no further federal prosecution will be brought in this

District relative to the defendant's violations of federal law, known to the United States at this

Page 1 of 15

time, arising out of the events set forth in the Indictment.

        **B.**    **The Sentence:**    The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.**    **ELEMENTS:**

        As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 1951, and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Interference with Commerce by Robbery are as follows:

        **(i)**    The defendant knowingly robbed a commercial establishment engaged in interstate or foreign commerce;

        **(ii)**    The defendant did so by wrongful use of actual or threatened force, violence, or fear; and

        **(iii)**    As a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way or

degree.

As to Count Two, the defendant admits to knowingly violating Title 18, United States Code, Section 924(c)(1)(A), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Brandishing a Firearm in Furtherance of a Crime of Violence are as follows:

(i)   The defendant knowingly possessed and brandished a firearm;

(ii)  At the time the defendant knowingly possessed and brandished a firearm, he did so in furtherance of the crime of Interference with Commerce by Robbery as set forth in Count One of the Indictment; and

(iii) The crime of Interference with Commerce by Robbery is a violent crime which may be prosecuted in a court of the United States.

## 4.   FACTS:

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On May 18, 2021, Saint Louis County Police Department officers responded to a call for a robbery at the Harbor Freight store at 13913 Manchester Road, in St. Louis County, within the Eastern District of Missouri. Officers spoke with employees on scene who stated that two suspects, a black male and black female, stole a power washer and generator from the store. One employee, J.E., indicated that the male pointed a handgun at him. J.E. and the officers reviewed surveillance video and J.E. identified the subject and provided a written statement as well. He stated that the assisted the female suspect obtain a shopping cart, she and the male loaded items onto the cart and

approached the counter. He stated that the male suspect stated that he had forgotten his wallet and the female suspect walked out the door with a set of keys. J.E. further stated that the male suspect provided account information for a Terrell Johnson, with an address of 133 South Barat, which J.E. began entering. J.E. stated that when he looked back up, the male suspect had a gun pointed in his face. J.E. stated that the male suspect told him "I am going to leave," walked out the door with the items, and entered the vehicle the female suspect was driving (a blue or gray four-door Chevrolet sedan with an Illinois plate on the front of the vehicle). Another employee, J.H., provided a written statement as well, consistent with J.E.'s statement, further describing the vehicle as a Chevrolet Malibu. The surveillance video was consistent with both employees' statements. Video footage from the parking lot was also obtained and the vehicle was identified as possibly a Hyundai Sonata or Toyota Solera, but the license plate was unreadable.

SLCPD detectives continued the investigation, which included a press release with still shots from the surveillance footage. An anonymous caller later identified the female as co-defendant Alexis Coleman, indicating that she used to use fentanyl with her a couple years earlier. The caller told the police where co-defendant Coleman was residing and provided a Facebook message that Coleman had sent the caller the night before indicating that she had left Saint Louis and would be gone for a while. The caller further identified co-defendant Coleman's boyfriend as Derrell Warren. The caller knew his name because he left his debit card at the caller's home the other day. Officers conducted a LEADS Online search and learned that the defendant had sold items to a pawn shop on Natural Bridge the same day as the robbery and obtained his pedigree information from there. A search of the phone number provided to the pawn shop returned to "Alexandria Coleman." Furthermore, the address the defendant provided was the same address

that he gave to the employee at Harbor Freight. Detectives pulled the pawn shop video and observed the defendant wearing the same Nike sweatshirt in the Harbor Freight video.

Through further investigation, detectives identified a possible address for co-defendant Coleman and contacted the owner of that home, A.M., who identified herself as co-defendant Coleman's mother. Detectives spoke with A.M. on the phone and she indicated that she saw the news and was 100% sure that her daughter committed the robbery. A.M. also recognized the backpack in the surveillance video as one that her daughter had used in the past. A.M. stated that the man in the video as co-defendant Coleman's boyfriend, "Derrell" but nothing further. A.M. said that co-defendant Coleman had recently gotten a new silver/gray car but didn't know much more about it.

Once photographs of the defendant and co-defendant were obtained, J.E. came in to do a photo lineup. J.E. positively identified the defendant from the photo lineup, but was unable to identify a female from the lineup. Warrants were issued for both the defendant and co-defendant. On December 9, 2021, the defendant was arrested on the warrant.

On April 27, 2022, SLCPD detectives went out to speak with A.M. in person. A.M. was shown a still shot from the surveillance video and she identified the female suspect as her daughter, co-defendant Coleman. She confirmed this verbally and in writing by signing the photograph. The conversation was audio recorded as well.

Evidence at trial would establish that Harbor Freight is a commercial establishment engaged in interstate or foreign commerce and in the business of buying and selling articles and commodities that have been previously transported in interstate or foreign commerce. The defendants' actions obstructed, delayed, and/or affected commerce or the movement of an article

or commodity in commerce.

5.    **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime in Count One of the Indictment, to which the defendant is pleading guilty, is imprisonment of not more than twenty years, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

The defendant fully understands that the maximum possible penalty provided by law for the crime in Count Two of the Indictment, to which the defendant is pleading guilty, is imprisonment of not less than seven years, but not more than life imprisonment, consecutive to any other sentence imposed, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than five years. *The defendant fully understands that the sentence of seven years (84 months) as to Count Two are required by law to run consecutive to any sentence imposed on Count One.*

In certain situations under Title 18, United States Code, Section 924(e)(Armed Career Criminal), the defendant may be subject to a mandatory minimum sentence of imprisonment of fifteen (15) years and a maximum of life, a fine of not more than $250,000, or both such imprisonment and fine, and a term of supervised release of not more than five years. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to the defendant's sentence.

6.    **U.S. SENTENCING GUIDELINES: 2021 MANUAL**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

A.    **Chapter 2 Offense Conduct:**

**COUNT ONE**

i.    **Base Offense Level:** The parties agree that the Base Offense Level for Count One is 20, as found in Section 2B3.1.

ii.    **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: The parties have no agreement regarding any Specific Offense Characteristics.

B.    **Chapter 3 Adjustments:**

i.    **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because the defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if the defendant does not abide by all of the agreements made within this document, the defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the

defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with the defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

      **ii.**    **Other Adjustments:** The parties have no further agreement regarding any other adjustments.

## COUNT TWO

      **i.**    **Base Offense Level:** The parties agree that the sentence for Count Two is found in Sentencing Guidelines Section 2K2.4(b ), which provides that "the guideline sentence is the minimum term of imprisonment required by statute." The statute, Title 18 U.S.C. § 924(c)(l)(A)(ii), provides that "if the firearm is brandished," the defendant shall be sentenced to a "term of imprisonment of not less than 7 years," to run consecutively to each other and to the term of imprisonment imposed in any other count. *The defendant fully understands that Count Two requires that he serve a mandatory minimum term of imprisonment of 84 months, consecutive to any sentence imposed as to Count One.*

      **ii.**    **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: The parties have no agreement regarding any Specific Offense Characteristics.

    **B.**    **Chapters 3 and 4 Adjustments:**

      **i.**     **Acceptance of Responsibility:** Pursuant to Section 2K2.4(b) and Application Note 5, Chapters Three and Four do not apply. Therefore, as to Count Two, the defendant is not entitled to an acceptance of responsibility reduction under Section 3E1.1.

      **ii.**     **Other Adjustments:** The parties have no further agreement regarding any other adjustments.

      **C.**     **Estimated Total Offense Level:** Based on these recommendations, the parties estimate that the Total Offense Levels are as follows:

<b>COUNT ONE</b>

The parties agree that the Total Offense Level for Count One is 17, unless the defendant is a Career Offender. The parties acknowledge that the offense level may also be increased when determining the combined offense level pursuant to Section 3D1.4. Depending on the underlying offense and the defendant's criminal history, the defendant could be Career Offender pursuant to Section 4B1.1. If the Court finds Defendant to be a Career Offender, the advisory Total Offense Level, with a 3-level reduction of responsibility taken into account, will be a Level 29 with a Criminal History Category score of VI. The defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

<b>COUNT TWO</b>

The parties agree that with respect to Count Two, the defendant will receive a mandatory minimum sentence of seven years (84 months), which will run consecutively to any other sentence the defendant may receive.

      **D.**     **Criminal History:** The determination of the defendant's Criminal History

Page 9 of 15

Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**E.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made above but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7.** **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**A.** **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**i.** **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty, and whether the defendant's conduct falls within the scope of the statue(s).

**ii.** **Sentencing Issues:** In light of the Government's agreement that no further federal prosecution will be brought in this District relative to the underlying facts supporting the charges herein, in the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines

Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above the determined Sentencing Guidelines range.

      **B.**     **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

      **C.**     **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**     **OTHER:**

      **A.**     **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

      **B.**     **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take

any civil, tax, immigration/deportation or administrative action against the defendant.

C. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime the defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

D. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

E. **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

F. **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

G. **Forfeiture:** The defendant agrees to forfeit all of the defendant's interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the

United States. The defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. The defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9.     **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial

Page **13** of **15**

will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the United States' case and any defenses.

The guilty plea could impact the defendant's immigration status or result in deportation. In particular, if any crime to which the defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.    CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if the defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.    NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

_8/21/23_
Date

_____
CATHERINE M. HOAG
Assistant United States Attorney

_8/3/23_
Date

_____
DERRELL L. WARREN, JR.
Defendant

_8/3/23_
Date

_____
ERIC M. SELIG
Attorney for Defendant